
Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel ROBERT STEWART, <br><br> Plaintiff, <br><br> vs. <br><br> KUMAR LIFECARE HOSPICE INC.; FREE SPIRIT HOSPICE, INC.; NANDINI KUMAR; and DOES 1-100; <br><br> Defendants. | Case No. 2:22-CV-1061-RGK-SKx <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. FEDERAL FALSE CLAIMS ACT <br> [31 U.S.C. §§ 3729-32] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff ROBERT STEWART ("Plaintiffs") allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. This is an action to recover damages and civil penalties on behalf of the United States of America and the State of California arising from false claims and statements made by defendants against the United States, in violation of the

COMPLAINT

1

federal False Claims Action. 31 U.S.C. §§ 3729-32, as amended, Pub. L. 111-21. 123 Stat. 1621 (2009).

2. Defendants have defrauded Medicare by: (a) Knowingly presenting, or causing to be presented, false or fraudulent claims for payment or approval; (b) knowingly making, using, or causing to be made or used, false records or statements material to a false or fraudulent claim; and (c) conspiring to commit violations of 31 U.S.C. §§ 3729(a)(1)(A) and (B).

3. Congress enacted the Federal False Claims Act to enhance the Government's ability to recover losses sustained as a result of fraud against the United States. Congress intended to create incentives for individuals who are aware of fraud against the Government to disclose that information without fear of reprisals or government inaction.

4. The False Claims Act provides that any person who with actual knowledge, in reckless disregard or in deliberate ignorance of the truth, submits a false or fraudulent claim to the government for payment or approval, or who makes or uses a false record or statement to avoid an obligation to pay money to the government, is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the government because of the false claims.

5. The Act allows any person having knowledge of a false or fraudulent claim against the government to bring an action for himself and for the government and to share in any recovery. The complaint is to be filed under seal for sixty days (without service on the defendant during the sixty-day period) to enable the federal and state governments (1) to conduct their own investigation without the knowledge of the defendants, and (2) to determine whether to join the suit. At the same time, the plaintiff must file with the Attorney General of the

United States a detailed statement disclosing all material evidence and information in plaintiff's possession.

6. Plaintiff seeks through this action to recover damages and civil penalties arising from false claims for payment submitted by Defendants to the government through Medicare. Plaintiff believes the amount of such damages and civil penalties that may be assessed against the Defendants under the facts as alleged in this complaint to be substantial.

## JURISDICTION & VENUE

7. This is a civil action arising under the laws of the United States. This Court has jurisdiction over the subject matter of the federal claims pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, which specifically confer jurisdiction on this Court for actions brought pursuant to §§ 3729 and 3730 of Title 31 as well as for the recovery of funds paid by a State if the action arises from the same transaction or occurrence as an action arising under § 3730.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

9. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants reside and transact business in this District, and Defendants submitted false and fraudulent claims to the United States Government in this District, and/or made, used or caused to be made or used false records in this District to get false or fraudulent claims approved and paid by the United States Government.

## PARTIES

10. Plaintiff, ROBERT STEWART ("STEWART"), is a natural person residing in Simi Valley, California, and a former employee of FSH. STEWART

COMPLAINT

3

brings this action for violations of the federal False Claims Act on behalf of himself and the United States Government pursuant to 31 U.S.C. § 3730(b)(1). STEWART has knowledge of the false claims submitted by Defendants to the federal government as alleged herein and is the original source of any information possessed by the government regarding these claims.

11. Defendant KUMAR LIFECARE HOSPICE INC. ("KLH") is a California corporation, which has its principal place of business in Northridge, California.

12. Defendant FREE SPIRIT HOSPICE, INC. ("FSH") is a California corporation, which has its principal place of business in Northridge, California.

13. Defendant NANDINI KUMAR ("KUMAR" and, together with KLH and FSH, "Defendants") is a natural individual who, on information and belief, resides in Los Angeles County, California. Both KLH and FSH are owned by KUMAR's husband.

14. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

16. Medicare is a federally funded health insurance program.

17. Medicare Part B ("Part B") is the Supplemental Medical Insurance Plan for the Aged and Disabled. The benefits covered by Medicare Part B include medical treatment and services by physicians and other health care providers, under 42 U.S.C. § 1395k. An enrolled individual, or beneficiary, who obtains a covered medical service can either pay for the medical service himself and request reimbursement of 80%, of the reasonable charge, or assign the right to reimbursement to the physician or other health care provider providing the service, who collects as an assigned of the beneficiary under 42 U.S.C. § 1395u(b)(3)(B)(ii).

18. Reimbursement for Medicare Part B claims is made by the United States through the Department of Health and Human Services ("HHS") which has delegated the administration of Medicare Part B to its component agency, the Health Care Financing Administration ("HCFA"). HHS, through HCFA. assigns the task of paying Medicare Part B claims from the Medicare Trust Fund to private insurance carriers under 42 U.S.C. § 1395u.

19. Defendants are providers of hospice and home healthcare services to terminally ill and elderly patients unable to care for themselves. Accordingly, Defendants bill Medicare for medication and nursing services as a matter of course.

20. Medical equipment and services by physicians and other health care providers are reimbursed under Medicare *only* if the services provided are

reasonable and medically necessary.

21. In order to qualify for reimbursement, however, the physician or other health care provider seeking reimbursement must:

    a. Assure that claims submitted for reimbursement are not unlawfully solicited from beneficiaries (42 CFR 424.57(c)(11));

    b. Submit claims only for reasonable and necessary medical items or services (42 U.S.C. § 1395y(a)(1)(A));

    c. Certify when presenting a claim that the item or service provided is a medical necessity (42 U.S.C. § 1395(a)(2)(B));

    d. Assure when presenting a claim that the item or service provided is not substantially in excess of the usual charge for items or services. (42 U.S.C. §1320a-7(b)(6)(A)); and

    e. Assure that claims submitted for reimbursement do not make false statements or misrepresentations of material facts. (42 U.S.C. §§ 1320a-7b(a)(1) and (2), 1320a-7, and 1320a-7a.)

22. At all times herein mentioned, Defendants were aware of, and voluntarily and willfully ignored these statutory requirements, in order to unlawfully defraud the United States out of hundreds of thousands of dollars for unnecessary medications, services for patients who had already died, and visits that never took place.

23. In fact, Plaintiff is aware that Defendants take active measures to falsify medical records and obfuscate their illicit conduct, because they have knowledge of the very Medicare laws and regulations that they regularly violate through their unlawful conduct.

24. Plaintiff is aware that the Defendants are making false claims to the government in violation of the above statutes.

25. Specifically, Defendants have submitted false claims involving:

  a. Patient visits that never took place;

  b. Admitting patients who were already deceased;

  c. Implementing unnecessary increases to patient visits, and medication dosage and frequency, to justify billing;

  d. Referring patients to unlicensed care providers;

  e. Having unlicensed staff order changes in medication dosage and frequency without notifying medical staff; and

  f. Directing employees to make false statements regarding services provided and Medicare billing.

26. Defendants are falsely certifying that beneficiaries, who in some instances are deceased, require "medically necessary" medication and services, by knowingly certifying false information, deceiving the families of patients, falsifying medical records, and employing unlicensed individuals as clinical workers.

27. Defendants then proceed to bill Medicare thousands of dollars for such medication and services that are ordered by an unlicensed medical provider, provided at a frequency or dosage that no qualified medical professional would recommend, and in some cases, were never provided at all.

28. Plaintiff has direct knowledge of KUMAR's pattern and practice of ordering employees to steal patients from other hospice agencies, promising families of patients that the patient's life will be ended early if the family agreed to switch to one of KUMAR's agencies, admitting deceased patients, and paying a third-party monthly kickback fees in exchange for referrals.

29. During or about March of 2020, a patient of KLH ("Patient 1") suffered a fall when a hospice aide forced him to get up and walk despite Patient

1 being non-ambulatory.

30. KLH, at KUMAR's direction, refused to pay for x-rays immediately following the accident. When an x-ray was completed, KUMAR ordered an employee named Angelica Gastelum to alter the x-ray report using Adobe software to make it appear as if it had been done on the day of Patient 1's fall.

31. KUMAR also made fraudulent progress notes in Patient 1's Hospice MD file under the name of an employee who had quit days before the incident occurred.

32. KUMAR subsequently called Patient 1's niece and pretended to be a social worker employed by the County in an effort to elicit a recorded statement from Patient 1. During the call, KUMAR fraudulently claimed to be working with the Department of Health Services investigator.

33. On another occasion, KUMAR admitted another patient ("Patient 2") to the care of an organization KUMAR knew to be unlicensed, Anna's Care.

34. Plaintiff has knowledge relating to KUMAR revising the Hospice MD progress notes for Patient 2 multiple times and allege that those progress notes will not accurately reflect the frequency or amount billed to Medicare.

35. KUMAR directed nurses to change the frequency of visits to Patient 2 from one to two times per week to twice per day until Patient 2 died.

36. The incident involving Patient 2 resulted in a lawsuit being filed against KLH and Anna's Care.

37. KUMAR employs an individual named Nino Selmo Smith ("Smith") to perform clinical work despite having knowledge that Smith is not licensed as an LVN or RN.

38. At KUMAR's direction, Smith ordered changes to patients' medication dosage and frequency without notifying licensed medical providers.

COMPLAINT

8

39. Plaintiff possesses text messages reflecting Smith ordering medications for multiple patients, including at least four such patients who can be identified by Plaintiff.

40. Text messages in the possession of Plaintiff show KUMAR ordering employees to admit patients who had already died.

41. In one instance, KUMAR directed an RN to lie to Kaiser Permanente by stating that a patient was admitted two hours before the patient died, despite knowing that the patient was already deceased.

42. According to Hospice MD records in the possession of Plaintiff, KUMAR personally reported 4,250 patient visits for a total of 4,877.8 hours from January 1, 2016 to June 30, 2021, which is substantially inflated if not entirely fabricated.

43. As described herein, the pattern and practice of KLH and FSH involves driving up admissions by making illicit promises, fabricating medical records, ordering unnecessary medications and services, billing for visits that never occurred, lying to private insurers, and allowing unlicensed staff to order changes to medication, all of which was committed in furtherance of, and at the direction of, KUMAR, for the intentional purpose of defrauding the United States.

## FIRST CAUSE OF ACTION

### Federal False Claims Act

(31 U.S.C. § 3729(a)(1)(A), (B), (C), and 3732(b))

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

45. By virtue of the acts and conduct described above, Defendants knowingly presented or caused to be presented to officers, employees, or agents

of the United States Government false or fraudulent claims for payment or approval under the federally funded Medicare program.

46. By virtue of the acts and conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to false and/or fraudulent claims.

47. By virtue of the acts and conduct described above, Defendants conspired to commit violations of 31 U.S.C. § 3729(a)(1)(A) and (B), thus violating 31 U.S.C. § 3729(a)(1)(C).

48. Because of such false claims, the United States paid Defendants for medication and services without authorization under Medicare.

49. As a result of these false claims, the United States has been, and continues to be, substantially damaged in the amount of thousands and thousands of dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

- That Defendants cease and desist from violating the Federal False Claims Act;

- That the Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained as a result of the Defendants' actions alleged herein, as well as a civil penalty of $10,000 for each violation of 31 U.S.C. § 3729.

- That Plaintiff/relator be awarded damages pursuant to 31 U.S.C. § 3730(d).

- That Plaintiff/relator be awarded all costs of this action, including attorney's fees and costs.

- Any and all other relief that the Court deems just and proper.

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 16, 2022            LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                         By:    /s Todd M. Friedman
                                Todd M. Friedman, Esq.